UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
STEPHEN FLANAGAN, as a Trustee of the
General Building Laborers' Local 66 Pension
Fund, STEPHEN FLANAGAN, as a Trustee of
the General Building Laborers' Local 66 Welfare           **ORDER**
Fund, STEPHEN FLANAGAN, as a Trustee of the              05 CV 691 (DRH) (AKT)
General Building Laborers' Local 66 Vacation
Fund, STEPHEN FLANAGAN, as Trustee of the
General Building Laborers' Local 66 Annuity Fund,
STEPHEN FLANAGAN, as a Trustee of the General
Building Laborers' Local 66 Laborers' Employer
Cooperative and Educational Trust Fund, STEPHEN
FLANAGAN, as a Trustee of the General Building
Laborers' Local 66 Greater NY Laborers' Employer
Cooperative and Educational Trust Fund, STEPHEN
FLANAGAN, as a Trustee of the General Building
Laborers' Local 66 Training Program, STEPHEN
FLANAGAN, as a Trustee of the General Building
Laborers' Local 66 New York State Health and
Safety Fund, STEPHEN FLANAGAN, as Business
Manager of General Building Laborers' Local
Union No. 66 of the Laborers' International Union
of North America, AFL-CIO,

                               Plaintiffs,
    -against-

W.F. WALSH-STRUCTURES, CORP., and
WILLIAM F. WALSH,

                               Defendants.
-----------------------------------------------------------X

**HURLEY, Senior District Judge:**

      This Court granted plaintiff's motion for an entry of default judgment against defendants W.F. Walsh-Structures, Corp. and William F. Walsh and referred the case to Magistrate Judge A. Kathleen Tomlinson pursuant to 28 U.S.C. § 636(b)(3), for a report and recommendation as to damages and attorneys' fees. On August 23, 2012, Judge Tomlinson issued a Report and

Recommendation recommending that "(1) no damages be awarded . . . at this time and (2) Plaintiff's request for an audit be denied," based upon plaintiffs' failure to submit adequate supporting documentation. (R&R at 12.)  Judge Tomlinson further recommended that plaintiff be granted leave to review the motion for damages "if Plaintiff can provide proof of compliance with the Court's directive concerning service as well as sufficient support for the relief sought in the inquest, in accordance with the guidance set forth in this Report and Recommendation." (*Id.*)

On August 31, 2012, defendants were served with a copy of the Report and Recommendation.  More than fourteen days have elapsed since service of the Report and Recommendation.  No party has filed any objections.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result.  Accordingly, the Court adopts the August 23, 2012 Report and Recommendation of Judge Tomlinson as if set forth herein.

Plaintiff's request for an award of damages and an order directing an audit are denied without prejudice.  Plaintiff will be given one opportunity to renew his application for damages, pursuant to the directives set forth in the Report and Recommendation.  Plaintiff's renewed application must be filed within forty-five days of the date of this Order.  If plaintiff fails to renew its damages request within forty-five days of the date of this Order, or fails to request any extension of this deadline, its right to do so will be deemed waived and the Court will direct the Clerk of the Court to close this case.

Counsel for plaintiff is directed to serve a copy of this Order upon defendants forthwith and to file proof of service on ECF.

**SO ORDERED.**

Dated: Central Islip, New York
September 27, 2012

      /s/
Denis R. Hurley
Unites States District Judge